UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE M. GARRITY, PAUL G. GARRITY, JR., and PAUL M. STERCZALA, as fiduciaries of the Estate of Paul G. Garrity, Sr., deceased,<br><br>    Defendants. | No. 3:15-cv-243 (MPS) |

**MEMORANUM AND ORDER**

Plaintiff, the U.S. Government (the "Government"), brought this action to collect an outstanding civil penalty from the Estate of Paul G. Garrity, Sr. (the "Estate"). (ECF No. 1.) Defendants Diane M. Garrity, Paul G. Garrity, Jr., and Paul M. Sterczala, fiduciaries of the Estate, move to amend the scheduling order in this case to extend the deadline to amend pleadings and allow them to assert a counterclaim. (ECF No. 40.) Because the Court finds that the Estate cannot, under the circumstances of this case, invoke the damages remedy created by Congress for the type of counterclaim it seeks to bring, the Court DENIES Defendants' motion to amend the scheduling order and add their proposed counterclaim.

**I.   BACKGROUND**

On February 20, 2015, the Government filed a complaint seeking to collect an outstanding civil penalty from the Estate. (ECF No. 1 at 1.) Specifically, the Internal Revenue Service (the "IRS") had assessed a penalty against Paul G. Garrity, Sr., "for his failure to timely report his financial interest in, and/or his signatory or other authority over, a foreign bank account for the 2005 calendar year, as required by 31 U.S.C. § 5314 and its implementing

regulations." (*Id.*) Section 5314 requires certain individuals to keep records or file reports on foreign financial agency transactions, and Section 5321 authorizes the Secretary of the Treasury to impose a civil penalty, known as an FBAR penalty, "on any person who violates, or causes a violation of any provision of section 5314." 31 U.S.C. § 5321(a)(5). Defendants filed their answer and affirmative defenses on April 24, 2015 (ECF No. 9), and the Court entered a scheduling order on June 17, 2015, setting the deadline for filing motions to amend the pleadings for July 24, 2015, and a discovery deadline of June 10, 2016. (ECF No. 20.)

After the July 24 deadline for amending the pleadings passed, Defendants' counsel discovered that certain publicly-available IRS training materials contained information about the IRS's investigation of Paul G. Garrity, Sr. (ECF No. 40 at 1-2.) Specifically, Defendants allege that Dennis Brager of the Brager Tax Law Group submitted a Freedom of Information Act ("FOIA") request to the IRS by letter dated April 3, 2014. (ECF No. 40-2 at 16.) On September 30, 2014, the IRS produced 6,601 pages of documents in response to the FOIA request, including "unredacted PowerPoint slides from an IRS training program" that "included a case study discussing the IRS investigation of Paul G. Garrity, Sr. that was the genesis of the Title 31 and 26 penalties and proposed income tax deficiencies against" Paul G. Garrity, Sr. (the "Case Study Materials"). (*Id*. at 16-17.) The Brager Tax Law Group posted the Case Study Materials on its website, where Defendants later found it and immediately recognized that it contained Paul G. Garrity, Sr.'s return information. (*Id.*) On June 29, 2015, Defendants served their First Request for Production of Documents on the Government in this action. (*Id.*) Defendants argue that the Case Study Materials are responsive to this request, but the Government disagrees, and did not produce the Case Study Materials. (ECF No. 44 at 3 n.1; ECF No. 40 at 3.)

2

Defendants have now filed a motion to amend the scheduling order to extend the deadline to amend pleadings and allow them to file an amended answer and assert a counterclaim. (ECF No. 40 at 4.) In their proposed counterclaim, Defendants allege that the Government violated 26 U.S.C. § 6103(a) by disclosing the Case Study Materials to IRS agents not directly concerned with the investigation and the law firm, which disclosed the information to the public through its website.[1] (ECF No. 40-2 at 15-16.) Section 6103(a)(1) provides, in relevant part, that "no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section." Section 7431(a) provides a private right of action for damages against the Government for such unauthorized disclosures.

## II.   STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this liberal standard, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "In this Circuit, it is well settled that an amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *Gilbert, Segall & Young v. Bank of Montreal*, 785 F. Supp. 453, 457 (S.D.N.Y. 1992) (internal citations omitted).

---

[1] Defendants represent that they "do not seek damages for each of the untold number of third-parties who read, copied, or downloaded the disclosed information from the third-party law firm website or from websites or platforms to which the information may have been transferred or re-posted." (ECF No. 45 at 8-9.)

## III. DISCUSSION

The Government argues that Defendants should not be allowed to bring their proposed counterclaim because they lack standing, making the amendment futile. (ECF No. 44 at 4-5.) Although the parties have treated this issue as one involving "standing," recent case law suggests that it is more properly considered as a question of whether the proposed counterclaim would state a claim under the relevant statute, 26 U.S.C. § 7431. "[A] plaintiff must have a cause of action under the applicable statute. This was formerly called 'statutory standing.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, No. 14-3993-CV, 2016 WL 2772853, at *4 (2d Cir. May 13, 2016). "The Supreme Court has recently clarified, however, that what has been called 'statutory standing' in fact is not a standing issue, but simply a question of whether the particular plaintiff 'has a cause of action under the statute.'" *Id*. (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S.Ct. 1377, 1387 (2014)). In order to determine whether 26 U.S.C. § 7431(a) provides Defendants with a private right of action under the circumstances of this case, the court must examine the statute and "apply traditional principles of statutory interpretation." *Lexmark Int'l, Inc.*, 134 S. Ct. at 1388.

Section 7431(a) provides:

> If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431(a) (emphasis added).

The plain language of the statute calls for reading "such taxpayer" to refer to the taxpayer whose "return information" has been disclosed, not to anyone else. And if there were any doubt about the meaning of those words, the principle that waivers of sovereign immunity are narrowly

4

construed would call for the same conclusion. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued. . . ." *United States v. Dalm,* 494 U.S. 596, 608 (1990) (citations and internal quotation marks omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal quotation marks and citations omitted). Other courts have likewise interpreted the phrase "such taxpayer" in Section 7431 as "the taxpayer whose 'return' or 'return information' has been allegedly disclosed." *Ruiz Rivera v. I.R.S.*, 226 F. Supp. 2d 345, 349 (D.P.R. 2002) *aff'd*, 93 F. App'x 244 (1st Cir. 2004); *Clark v. I.R.S.*, No. CIV. 06-00544SPK-LEK, 2007 WL 1374742, at *1 (D. Haw. Mar. 1, 2007) (taxpayer was estate, and therefore beneficiary of estate could not enforce terms of Section 7431; proper party is estate).

Two neighboring statutes in the Internal Revenue Code, Sections 7432[2] and 7433,[3] similarly permit "such taxpayer" to bring a civil action for damages against the United States. Courts have also interpreted the phrase "such taxpayer" in those statutes as referring only to the "direct taxpayer," *i.e.*, the individual from whom the IRS seeks to collect taxes. *See, e.g., Parker*

---

[2] 26 U.S.C. § 7432(a) provides: "If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States." (emphasis added).

[3] 26 U.S.C. § 7433(a) provides: "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions." (emphasis added).

*v. United States*, No. 09CV1394JAH, 2010 WL 3894977, at *3 (S.D. Cal. Sept. 29, 2010) (agreeing with other courts "that only direct taxpayers have standing to sue under § 7432"); *Ibraham v. United States*, 123 F. Supp. 2d 408, 409 (S.D. Ohio 2000) (citing cases holding "that § 7432 provides a cause of action only to the individual against whom the IRS is trying to collect."); *Ludtke v. United States*, 84 F. Supp. 2d 294, 300 (D. Conn. 1999) (citing cases holding "that Section 7433 confers jurisdiction only to the taxpayer at whom collection efforts were directed," not third parties).

Given the clear text of the statute and the strict construction of waivers of sovereign immunity, this Court agrees that the private cause of action in Section 7431 is limited to claims brought by taxpayers whose return information has been disclosed. Here, the allegations in the counterclaim make clear that the "taxpayer" whose "return information" was disclosed was Paul G. Garrity, Sr., and not the Estate. Therefore, the plain reading and the one consistent with construing waivers of sovereign immunity narrowly is that the Estate is not "such taxpayer" and may not bring suit.

Defendants contend that the Estate may sue under Section 7431 because the Estate "is a legal continuation of the deceased taxpayer" (ECF No. 45 at 5), but the plain language of the statute does not embrace such a broad class of plaintiffs, which would also sweep in assignees and all other manner of successors-in-interest. Nor does it matter if the right of action under Section 7431 is considered to be a property interest of the type that would ordinarily pass upon death, as the court found in *Schachter v. United States*, 847 F. Supp. 140 (N.D. Cal. 1993). Declining to follow *Shapiro v. Smith*, 652 F. Supp. 218, 218-19 (S.D. Ohio 1986)—which had held that an older version of Section 7431 was akin to a tort action protecting personal privacy rights and did not survive the taxpayer's death—the *Schachter* court held that Section 7431

creates "a property interest which should survive death," and allowed the substitution of the estate of a plaintiff who had died after bringing suit. *Schachter*, 847 F. Supp. at 141. *Schachter* reasoned that: (1) "all taxpayers, not just individuals, can sue under § 7431, while under tort law a corporation or association has no right to privacy," (2) Section 7431 "provides for 'actual' damages, an indication that property rights were to be taken into account," and (3) allowing a right of survival is consistent with the legislative aim of discouraging "governmental intimidation through disclosure." *Id*. Even if the Court accepts the reasoning in *Schachter* that Section 7431 creates a property right, the disclosure of Paul G. Garrity, Sr.'s return information occurred years after Paul G. Garrity, Sr.'s death, according to the allegations in the proposed counterclaim.[4] Thus, Paul G. Garrity, Sr., never had a property right in such a cause of action during his lifetime, and there was, at the time of his death, no such property right to pass to the Estate.[5]

Defendants argue that this interpretation of Section 7431 would render superfluous a provision of Section 6103 dealing with the disclosure of tax return information of the deceased. In the case of a deceased individual, Section 6103 provides:

> The return of the decedent shall, upon written request, be open to inspection by or disclosure to—(A) the administrator, executor, or trustee of his estate, and (B) any heir at law, next of kin, or beneficiary under the will, of such decedent, or a donee of property, but only if the Secretary finds that such heir at law, next of kin, beneficiary, or donee has a material interest which will be affected by information contained therein.

---

[4] Paul G. Garrity, Sr. died on February 10, 2008. (ECF No. 40 at 1.)

[5] It is worth noting that, at common law, no right of action for invasion of personal privacy, and thus no property right in such an action, could have accrued to Paul G. Garrity, Sr., after his death. A dead person has no cognizable right of action when his privacy is invaded. *See* Restatement (Second) of Torts § 652I, cmt. b. ("In the absence of statute, the action for the invasion of privacy cannot be maintained after the death of the individual whose privacy is invaded.").

7

26 U.S.C. § 6103(e)(3). Defendants argue that such an exception would be superfluous if Congress did not intend to "impose liability upon the IRS for disclosure of the taxpayer information of decedents or estates." (ECF No. 45 at 4.)

The Court disagrees. Section 6103 is not rendered meaningless simply because Section 7431, an independent statute creating a damages remedy for violations of Section 6103, limits that remedy (and the waiver of sovereign immunity) to the taxpayer whose return information is improperly disclosed. More specifically, construing Section 7431 to foreclose the Estate from suing the Government for disclosure of Paul G. Garrity, Sr.'s tax return information does not make the prohibition on disclosure of a decedent's return information in Section 6103—to which Section 6103(e)(3) creates certain exceptions—a dead letter. That prohibition is independently enforceable by the criminal law and through internal discipline at the IRS. For example, it is a felony punishable by a fine not to exceed $5,000, or imprisonment of not more than five years (or both), "for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized . . . any return or return information (as defined in section 6103(b))." 26 U.S.C. § 7213(a)(1). It is a misdemeanor punishable by a fine not to exceed $1,000, or imprisonment of not more than one year (or both), for any officer or employee of the U.S. or any person described in sections 6103(l)(18) or 6103(n) (or an officer or employee of any such person) "willfully to inspect, except as authorized in this title, any return or return information [as defined in section 6103(b)]." 26 U.S.C. § 7213A(a), (c). In addition to these criminal penalties, "Congress created the Treasury Inspector General for Tax Administration, an entity distinct from the IRS, which investigates claims of IRS employee misconduct, in an effort to deter such misconduct." *Hudson Valley Black Press v. I.R.S.*, 409

8

F.3d 106, 111-12 (2d Cir. 2005) (citing 5 U.S.C. App. 3 § 2(B)(ii)). The statute, 5 U.S.C. App. 3 § 7(a), authorizes the Inspector General to "receive and investigate complaints or information from an employee . . . concerning the possible existence of an activity constituting a violation of law, rules, or regulations. . . ." 5 U.S.C. App. 3 § 7(a). Finally, Section 6103(e), the provision the Estate contends would be rendered superfluous by a plain language reading of Section 7431, is itself independently enforceable by executors or beneficiaries, who may bring lawsuits in federal court to obtain a decedent's tax information pursuant to the FOIA. *See e.g., Goldstein v. Internal Revenue Serv.*, No. 14-CV-02186 (APM), 2016 WL 1180157, at *6 (D.D.C. Mar. 25, 2016) ("to the extent that the IRS denied Plaintiff access to tax returns requested in Items 2, 3, 4, 7, and 10, those denials are actionable under FOIA and therefore are appropriately before this court"). These additional avenues of enforcing the prohibitions and exceptions of Section 6103 show that the decedent exception in Section 6103(e) is not superfluous simply because, under the circumstances of this case, the Estate does not have a private cause of action for damages.

Especially given the principle that courts construe waivers of sovereign immunity narrowly, there is no reason to believe that Congress meant the damages remedy in Section 7431 to be coextensive in all cases with the prohibitions in Section 6103. Although Section 7431 refers to "any officer or employee" disclosing "return information" in violation of "any provision of section 6103," it also adds the restriction that the damages action must be brought by the same taxpayer whose information was improperly disclosed. If Congress had wanted Sections 6103 and 7431 to be perfectly coextensive, it could have used broader language in identifying the persons who may sue under Section 7431, such as "any aggrieved person" or "any affected taxpayer." *See Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) (holding that Section 7433 limits cause of action to "such taxpayers" from whom the IRS is

9

attempting to collect: "Where Congress intends to provide a cause of action for a broad class of plaintiffs, it has used unambiguous language to do so. For example, if a person's property has been wrongfully levied upon to satisfy the tax obligation of another person, the wrongful levy statute provides a cause of action to '*any person* (other than the person against whom is assessed the tax out of which such levy arose)' to recover his or her property. 26 U.S.C. § 7426(a)(1)." (emphasis in original)). Because "such taxpayer" does not include the Estate in this case, the Estate has no cause of action for damages for the violation of Section 6103.

Having found that Defendants do not have a cause of action under Section 7431 to bring their proposed counterclaim, the Court does not address the parties' other arguments.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to amend the scheduling order and add their proposed counterclaim. (ECF No. 40.) The Court GRANTS Defendants' motion to extend the period for fact discovery for 90 days. (ECF No. 46.) Discovery shall close on September 8, 2016.

By June 3, 2016, Defendants shall file a document—no more than eight pages—detailing exactly what information they seek related to the Case Study Materials, what they expect the documents would show, and how such information is relevant to defending the Government's claim for an FBAR penalty. The Government shall file a response of no more than eight pages by June 17, 2016. There shall be no replies. After receiving the parties' filings, the Court will review them and issue a ruling on whether the Government must produce the Case Study Materials.

IT IS SO ORDERED.

       /s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
              May 20, 2016