UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>v.<br><br>DIANE M. GARRITY, PAUL G. GARRITY, JR.,<br>and PAUL M. STERCZALA, as fiduciaries of the<br>Estate of Paul G. Garrity, Sr.,<br>  Defendants. | No. 3:15-CV-243(MPS) |

## MEMORANDUM AND ORDER

Plaintiff, the United States of America ("the Government"), filed this suit to reduce to judgment a civil penalty the Internal Revenue Service assessed against Paul G. Garrity, Sr., under 31 U.S.C. § 5321(a)(5), for his alleged willful failure to report his interest in a foreign account he held in 2005, in violation of 31 U.S.C. § 5314. In anticipation of trial, which is scheduled for June, the Court ordered the parties to submit briefs addressing the legal question of what standard of proof governs this case—preponderance of the evidence or clear and convincing evidence. (ECF No. 99.) The Government argues that the standard of proof is preponderance of the evidence. Defendants Diane M. Garrity, Paul G. Garrity, Jr., and Paul M. Sterczala (collectively, "Defendants"), as fiduciaries of the Estate of Paul G. Garrity, Sr., argue that the standard of proof is clear and convincing evidence. In addition, although not ordered by the Court to do so, the parties have also briefed the separate question of whether the Government must show that Mr. Garrity, Sr. intentionally violated a known legal duty to establish a "willful" violation of Section 5314 or whether the Government may satisfy its burden of proof by showing that Mr. Garrity, Sr. acted recklessly. Defendants urge the former standard, while the Government urges the latter.

For the reasons discussed below, I agree with the Government on both issues.

 **I.**  **Background**

1

### A. Procedural Background

The Government filed this action on February 20, 2015 to collect an outstanding civil penalty, known as the Report of Foreign Bank and Financial Accounts ("FBAR") penalty, from the estate of Mr. Garrity, Sr., who died in 2008. The Government had assessed the penalty against Mr. Garrity, Sr. for his allegedly willful failure to timely report his financial interest in, and/or his authority over, a foreign bank account for the 2005 calendar year, as required by 31 U.S.C. § 5314 and its implementing regulations. (ECF No. 1.) The balance of the penalty as of February 20, 2015 was $1,061,181.09. Jury selection is currently scheduled for June 6, 2018.

### B. Section 5321(a)(5)

The relevant portions of subsection (a)(5) of 31 U.S.C. § 5321, the statute under which the United States sues to recover a civil FBAR penalty, provide:

> (A) Penalty authorized. – The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314.
> (B) Amount of penalty. –
>   (i) In general. – Except as provided in subparagraph (C), the amount of any civil penalty imposed under subparagraph (A) shall not exceed $10,000.
>   (ii) Reasonable cause exception. – No penalty shall be imposed under subparagraph (A) with respect to any violation if –
>     (I) such violation was due to reasonable cause, and
>     (II) the amount of the transaction or the balance in the account at the time of the transaction was properly reported.
> (C) Willful violations. – In the case of any person willfully violating, or willfully causing any violation of, any provision of section 5314—
>   (i) the maximum penalty under subparagraph (B)(i) shall be increased to the greater of—
>     (I) $100,000, or
>     (II) 50 percent of the amount determined under subparagraph (D), and
>   (ii) subparagraph (B)(ii) shall not apply.
> (D) Amount. – The amount determined under this subparagraph is—
>   . . .
>   (ii) in the case of a violation involving a failure to report the existence of an account or any identifying information required to be provided with

> respect to an account, the balance in the account at the time of the violation.

31 U.S.C. § 5321(a)(5). Subsection (b)(2) of Section 5321 authorizes the Secretary to "commence a civil action to recover a civil penalty assessed under subsection (a) . . . ."

## II. Discussion

### A. Standard of Proof

As Congress did not specify the legal standard the Court should apply in a "civil action" brought by the Secretary under section 5321, I must determine what standard of proof applies. The starting point for this inquiry is the well-established principle that "[i]n a typical civil suit for money damages, plaintiffs must prove their case by a preponderance of the evidence." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 387 (1983). *See also United States v. Regan*, 232 U.S. 37, 46-47 (1914) (holding that a civil action by the government to collect a monetary penalty "is to be conducted and determined according to the same rules and with the same incidents as are other civil actions").

The Supreme Court noted in *Huddleston* that where Congress has not specified a standard of proof, the Court has applied the clear and convincing evidence standard in civil matters only "where particularly important individual interests or rights are at stake," such as in cases involving termination of parental rights, involuntary commitment, and deportation. 459 U.S. at 389. Observing that "imposition of even severe civil sanctions that do not implicate such interests has been permitted after proof by a preponderance of the evidence," the Court held that the preponderance of the evidence standard applied to an action involving an alleged fraud in the sale or purchase of securities. *Id*. at 389-90. In doing so, the Court described the preponderance of the evidence standard as the one "generally applicable in civil actions." *Id*.

The Supreme Court has since rejected arguments that the higher standard of clear and convincing evidence applies to particular civil actions. *See Grogan v. Garner*, 498 U.S. 279, 288 (1991). In *Grogan*, the Court held that the preponderance of the evidence standard applies to exceptions to debt dischargeability for fraud in certain bankruptcy actions. The bankruptcy code was silent on the issue, and the Court found that such silence weighed in favor of applying the preponderance standard: "[S]ilence is inconsistent with the view that Congress intended to require a special, heightened standard of proof." *Id.* at 286. The Court further treated the preponderance standard as the presumptive one in civil cases: "[B]ecause the preponderance-of-the-evidence standard results in a roughly equal allocation of the risk of error between litigants, we presume that this standard is applicable in civil actions between private litigants unless particularly important individual interests or rights are at stake." *Id.* (internal quotation marks omitted).

Using these principles, every court that has answered the question before me has held that the preponderance of the evidence standard governs suits by the government to recover civil FBAR penalties. *See Bedrosian v. United States*, No. CV 15-5853, 2017 WL 3887520, at *1 (E.D. Pa. Sept. 5, 2017); *United States v. Bohanec*, 263 F. Supp. 3d 881, 889 (C.D. Cal. 2016); *United States v. McBride*, 908 F. Supp. 2d 1186, 1201-02 (D. Utah 2012); *United States v. Williams*, No. 1:09-cv-437, 2010 WL 3473311, at *1, 5 (E.D. Va. Sept. 1, 2010) (holding, as a matter of first impression, that preponderance of the evidence standard in a civil FBAR action), *rev'd on other grounds*, *United States v. Williams*, 489 F. App'x 655 (4th Cir. 2012).

Defendants do not point to case law holding that the clear and convincing evidence standard applies to civil FBAR penalty cases. Rather, Defendants argue that the civil FBAR statute is analogous to the civil tax fraud statute, which requires proof by clear and convincing evidence. Defendants also argue that an internal memo by the Office of Chief Counsel of the IRS, written

before any court appears to have considered this question, and opining that willfulness requires a higher standard of proof, should guide my ruling.[1] I find Defendants' arguments unpersuasive for the following reasons.

1. **The civil FBAR penalty does not implicate "important individual interests or rights"**

Defendants argue that the clear and convincing evidence standard applies because the penalty for willful FBAR violations is "far more draconian" than the civil tax fraud penalty (ECF

---

[1] Chief Counsel Memorandum 200603026 (January 20, 2006) provides the following guidance on the standard of proof applicable to the section 5321(a)(5) penalty for willful violations:

> A second question in the November 23 memorandum, with respect to the willfulness issue, is whether the criteria for assertion of the civil FBAR penalty are the same as the burden of proof that the Service has when asserting the civil fraud penalty under IRC section 6663. Although there are no cases that address this issue with respect to the civil FBAR penalty, we expect the answer to be yes. This is because of the inherent difficulty of proving, or disproving, a state of mind (willfulness) at the time of a violation.
>
> The burden of proof for criminal cases for establishing willfulness is to provide proof "beyond a reasonable doubt." Although the same definition for willfulness applies [for civil cases] ("a voluntary intentional violation of a known legal duty"), the Service would have a lesser burden of proof to meet with respect to the civil FBAR penalty than the criminal penalty. We expect that a court will find the burden in civil FBAR cases to be that of providing "clear and convincing evidence," rather than merely a "preponderance of the evidence." The clear and convincing evidence standard is the same burden the Service must meet with respect to civil tax fraud cases where the Service also has to show the intent of the taxypayer at the time of the violation. Courts have traditionally applied the clear and convincing standard with respect to fraud cases in general, not just to tax fraud cases, because just as it is difficult to show intent, it is also difficult to show a lack of intent. The higher standard of clear and convincing evidence offers some protection for an individual who may be wrongly accused of fraud.

(ECF No. 106-1 at 3.) Defendants concede that the Chief Counsel Memorandum does not bind the Court. (ECF No. 106 at 5.) *See* 26 U.S.C. § 6110(k)(3) ("Unless the Secretary otherwise establishes by regulations, a written determination may not be used or cited as precedent."); *Bohanec*, 263 F. Supp. 2d at 889 (holding that the Chief Counsel of the Internal Revenue Service's opinion on the willfulness standard was irrelevant) (internal citations omitted).

No. 106 at 3) and will involve proving allegations that could tarnish Mr. Garrity's reputation. (ECF No. 108 at 5.) Defendants thus suggest that the civil FBAR penalty implicates "important individual interests or rights" under *Huddleston*. I disagree.

That Defendants may be liable for a substantially larger sum of money for a willful FBAR violation than if the Government had pursued a civil tax fraud action does not warrant a higher standard of proof.[2] As *Huddleston* and *Grogan* indicate, it is the type of interest or right involved that triggers a higher standard of proof, not the amount in controversy; courts have not viewed cases involving "even severe civil sanctions" to implicate "important individual interests or rights" to warrant a higher standard of proof. *Huddleston*, 459 U.S. at 389-90. *See also Halo v. Electronics, Inc. v. Pulse Electronics, Inc.*, --- U.S. ---, 136 S. Ct. 1923, 1934 (2016) (rejecting requirement that willful patent infringement behavior warranting enhanced damages be proved by clear and convincing evidence); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 777-81 (7th Cir. 2016) (holding that preponderance of the evidence standard applies to dismissal of a civil suit as a discovery sanction); *Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 193 (1st Cir. 2012) (holding that preponderance of the evidence standard applies to proof of willfulness for the purpose of obtaining more than single damages or profit disgorgement in trademark action).

Defendants also argue that the Government's proof of willfulness likely will involve allegations of fraud, which could tarnish Mr. Garrity, Sr.'s reputation, implicating a more important interest than those involved in typical civil cases. (*See* ECF No. 108 at 5.) But even allegations of fraud do not necessitate a higher standard of proof. In *Huddleston*, the Supreme Court held that the applicable standard of proof for a fraudulent misrepresentation claim was

---

[2] Defendants argue that they may be liable for at least $936,691.00 for a willful FBAR violation, compared to $621.00 if the Government had instead filed a civil tax fraud action. (ECF No. 106 at 3.)

preponderance of the evidence, reversing the Court of Appeals's ruling that the clear and convincing evidence standard applied to allegations of fraud. 459 U.S. at 390. And in *Grogan*, the Supreme Court rejected the notion that the presence of a statutory fraud claim necessarily warranted a higher standard of proof, even though the common law of many states did apply such a standard: "Unlike a large number, and perhaps the majority, of the States, Congress has chosen the preponderance standard when it has created substantive causes of action for fraud." 498 U.S. at 288-89 (citing numerous examples). *See also McBride*, 908 F. Supp. 2d at 1201 (discussing the applicability of *Huddleston* in the civil tax-penalty arena).[3]

Moreover, the Chief Counsel's statement that "[c]ourts have traditionally applied the clear and convincing standard with respect to fraud cases in general" (ECF No. 106-1 at 3) does not account for differences in how courts treat fraud under federal statutes and the common law, respectively. *See Master-Halco, Inc. v. Scillia Dowling & Natarelli, LLC*, 739 F. Supp. 2d 109, 122-23 (D. Conn. 2010) (discussing differences between standards of proof for statutory fraud and common law fraud, and holding that clear and convincing evidence was the appropriate standard of proof for civil conspiracy to commit fraud and aiding and abetting fraud under state common law). The cases Defendants cite in support of a higher standard involved allegations of a patent's

---

[3] In light of the presumption in favor of applying the preponderance standard in all civil actions, the few structural similarities that Defendants point out between the civil FBAR statute and the civil tax fraud statute are not sufficient to warrant applying a higher standard of proof. (*See* ECF No. 106 at 2-3.) It is also worth noting that the Second and Eighth Circuits have applied the preponderance of the evidence standard to the tax statute imposing civil penalties for aiding and abetting tax underpayments, i.e., 26 U.S.C. § 6701. *See Barr v. United States*, 67 F.3d 469 (2d Cir. 1995); *Mattingly v. United States*, 924 F.2d 785 (8th Cir. 1991). In doing so, the *Mattingly* decision, on which the *Barr* decision relied, suggested that the clear and convincing evidence standard is limited to civil tax fraud cases brought under 26 U.S.C. § 7454(a), which requires proof of "fraud with intent to evade tax." 26 U.S.C § 7454(a); *Mattingly*, 924 F.2d at 787 ("[A]bsent fraud with the intent to evade tax pursuant to § 7454(a), a preponderance standard is applicable in civil tax cases.").

invalidity, which the Supreme Court has explicitly held must be established by clear and convincing evidence,[4] or the Connecticut common law standard for proving fraud—clear and convincing evidence—which a federal action for a civil FBAR penalty does not implicate. Defendants also rely on civil tax fraud cases, which as discussed above, do not necessitate a higher standard of proof in civil FBAR penalty cases.

Further, the standard of proof in other civil enforcement actions is preponderance of the evidence, suggesting that a government enforcement action does not necessarily implicate important interests or rights. *See, e.g.*, *Hi-Tech Pharm. v. Crawford*, 544 F.3d 1187, 1191 (11th Cir. 2008) (the government's standard of proof in an enforcement action under the Federal Food, Drug, and Cosmetic Act was preponderance of the evidence); *S.E.C. v. Moran*, 922 F. Supp. 867, 890 (S.D.N.Y. 1996) (holding that preponderance of the evidence governed civil securities fraud enforcement action in light of "well established law . . . that the preponderance of the evidence standard is sufficient to govern a civil action unless the remedy sought would, *in fact*, deprive the defendant[] the ability to continue to pursue his livelihood such as disbarment or revocation of another such licen[s]e"). The sanction that Defendants may be exposed to, regardless of how "draconian" it may be, is monetary only. *See Bohanec*, 263 F. Supp. 3d at 889. Despite characterizing their exposure to a monetary sanction as implicating a "property interest that require[s] protection" (ECF No. 108 at 3), Defendants have not demonstrated how the penalty the

---

[4] Defendants cite *Lamoureux v. AnazaoHealth Corp.*, No. 3:03CV01382 (WIG), 2012 WL 12537933 (D. Conn. Sept. 24, 2002) (applying the clear and convincing evidence standard in a patent infringement case under 35 U.S.C. § 282). The Supreme Court explicitly held in *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91 (2011), that the clear and convincing evidence standard governed proof of a patent's invalidity because of the specific language of 35 U.S.C. § 282, which includes a presumption of patent validity.

Government seeks would affect important individual interests or rights to warrant a higher standard of proof.

### 2. The element of intent does not support a higher standard of proof

Defendants also argue that the focus on Mr. Garrity Sr.'s intent in this case supports a higher standard of proof, as "[j]ust as it is difficult to show intent, it is also difficult to show a lack of intent." (ECF No. 106 at 6.) The Supreme Court has held, however, that, "[i]f anything, the difficulty of proving the defendant's state of mind supports a lower standard of proof," even where a party must prove intent largely through circumstantial evidence. *Huddleston*, 459 U.S. at 390 n.30. *See also Moran*, 922 F. Supp. at 890 (rejecting the argument that proof by circumstantial evidence in civil securities fraud action necessitates a higher standard of proof). Moreover, as Defendants themselves point out, regardless of the standard of proof, the burden of proof remains on the government. Therefore, the difficulty of showing *lack* of intent is irrelevant.

### B. Willfulness

Defendants also argue that the Government must prove that Mr. Garrity, Sr. intentionally violated a known legal duty in order to satisfy the element of willfulness, and that proof of reckless conduct is insufficient. I find Defendants' arguments unpersuasive, as they do not account for the well-established distinction between civil and criminal formulations of willfulness.

In *Safeco Insurance Company of America v. Burr*, the Supreme Court held, in the context of the Fair Credit Reporting Act's requirement that insurers transmit adverse action notices reflecting negative credit reports to consumers, that a "willful failure" covered reckless conduct. 551 U.S. 47, 57 (2007). The starting point of the Court's inquiry was its observation that "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well . . . ." *Id. See also McLaughlin v.*

*Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988) ("willful" under the Fair Labor Standards Act covers reckless violations); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-26 (1985) ("willful" in liquidated damages provision of the Age Discrimination in Employment Act covers reckless violations). The Supreme Court explicitly acknowledged in *Safeco* that "[i]t is different in the criminal law. When the term 'willful' or 'willfully' has been used in a criminal statute, we have regularly read the modifier as limiting liability to knowing violations . . . . Civil use of the term, however, typically presents neither the textual nor the substantive reasons for pegging the threshold of liability at knowledge of wrongdoing." 551 U.S. at 57 n.9.

Defendants concede that numerous courts have found that willfulness in the civil FBAR context includes reckless conduct. (ECF No. 106 at 11.) *See United States v. Williams*, 489 F. App'x 655, 658 (4th Cir. 2012) (reversing the district court's ruling, as "at a minimum, Williams's undisputed actions establish reckless conduct, which satisfies the proof requirement under § 5314"); *United States v. Kelley-Hunter*, 281 F. Supp. 3d 121, 124 (D.D.C. 2017); *United States v. Katwyk*, No. CV 17-3314-GW, 2017 WL 6021420, at *4 (C.D. Cal. Oct. 23, 2017); *Bedrosian v. United States*, Civ. No. 15-5853, 2017 WL 4946433, at *3 (E.D. Pa. Sept. 20, 2017); *United States v. Bohanec*, 263 F. Supp. 3d 881, 888-89 (C.D. Cal. 2016); *United States v. Bussell*, No. CV 15-02034 SJO, 2015 WL 9957826, at *5 (C.D. Cal. Dec. 8, 2015); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012); *United States v. Williams*, No. 1:09-cv-437, 2010 WL 3473311, at *4 (E.D. Va. Sept. 1, 2010), *rev'd on other grounds*, *Williams*, 489 F. App'x 655.[5]

---

[5] Defendants cite *United States v. Zwerner*, a non-precedential civil FBAR case in which the Southern District of Florida denied the government's summary judgment motion on the defendant's liability. But the *Zwerner* Court did not decide the issue, instead denying summary judgment because "[u]nder either intent standard, genuine issues of material fact remain[ed] in dispute." *United States v. Zwerner*, No. 13-22082-CIV, 2014 WL 11878430, at *3 (S.D. Fla. Apr. 29, 2014).

Defendants cite no case in which a court has held to the contrary. Rather, despite the clear distinction the Supreme Court has drawn between willfulness in the civil and criminal contexts, the cases Defendants principally rely on are criminal cases. *See Ratzlaf v. United States*, 510 U.S. 135 (1994) (holding that the government had to prove defendant acted with knowledge that his conduct was unlawful to sustain a criminal conviction for a willful violation of an antistructuring provision); *United States v. Sturman*, 951 F.2d 1466, 1476 (6th Cir. 1991) (applying the standard for willfulness articulated in *Cheek v. United States*, 498 U.S. 192 (1991), "voluntary, intentional violation of a known legal duty," to criminal violations of 31 U.S.C. § 5314). As the Supreme Court has made clear, those criminal cases do not control this case. *See Safeco*, 551 U.S. at 57 n.9. *See also Lefcourt v. United States*, 125 F.3d 79, 82-83 (2d Cir. 1997) (distinguishing *Cheek* in tax civil penalty case requiring showing of "conduct that is willful, a term which in this context requires only that a party act voluntarily in withholding requested information, rather than accidentally or unconsciously": "*Cheek* was a criminal case, and we are persuaded that its rationale does not apply in the context of the civil tax penalties at issue here."). *Cf. Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994) (contrasting the different uses of the term "recklessness" in civil and criminal contexts).

Defendants point to no other authority that would warrant deviating from the Supreme Court's holdings that statutory willfulness in the civil context covers reckless conduct. I therefore conclude that the Government may prove the element of willfulness in this case with evidence that Mr. Garrity, Sr. acted recklessly.

### III. Conclusion

For the reasons discussed above, I find that the Government must prove the elements of its claim for a judgment under 31 U.S.C. § 5321(a)(5) by a preponderance of the evidence and that proof of reckless conduct will satisfy the Government's burden on the element of willfulness.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        April 3, 2018