UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,
    Plaintiff,

v.

DIANE M. GARRITY, PAUL G. GARRITY, JR.,
and PAUL M. STERCZALA, as fiduciaries of the
Estate of Paul G. Garrity, Sr.,
    Defendants.

No. 3:15-CV-243(MPS)

## MEMORANDUM AND ORDER

### I. Background

Plaintiff, the United States of America ("the Government"), filed this suit to reduce to judgment a civil penalty that the Internal Revenue Service ("the IRS") assessed against Paul G. Garrity, Sr., under 31 U.S.C. § 5321(a)(5), for his alleged willful failure to report his interest in or authority over a foreign financial account in the 2005 tax year, in violation of 31 U.S.C. § 5314. The Government now moves *in limine* to preclude the opinion testimony of Defendants' proposed expert witness Howard Epstein. For the reasons discussed below, the motion to preclude Mr. Epstein's proposed testimony is GRANTED. I assume familiarity with the facts, the parties' arguments, and the Court's prior rulings, and recount only certain relevant facts below.

According to Defendants' expert disclosure, Mr. Epstein is a certified public accountant with over 25 years of experience. (Report of Howard B. Epstein, CPA, ECF No. 114-2 at 2.) His practice focuses on international tax planning and compliance for individual taxpayers and multi-national companies. (*Id.*) Defendants propose that Mr. Epstein will testify at trial on the following general subjects:

- "general reporting requirements as they related to Foreign Financial Accounts and Foreign Trusts"; and

1

- "general guidance published by the Internal Revenue Service, the Department of Treasury, and FinCen explaining the rules and reporting requirements to taxpayers and practitioners relating to such vehicles for the year the subject penalty is assessed (2005), as compared to years before and after." (ECF No. 114-2 at 2.)

More specifically, Mr. Epstein's proposed testimony includes opinions on:

- "the state of published guidance and public awareness of [foreign account] reporting requirements so as to provide an objective backdrop or perspective . . . .";

- "how such guidance evolved in the years before and after the subject year [i.e., 2005], and how, in that climate, international tax compliance has been viewed and understood by practitioners and taxpayers . . . ."; and

- "whether an individual taxpayer could have been unaware of his filing foreign income and asset reporting requirements." (ECF No. 114-2 at 3.)

Mr. Epstein's proposed testimony purports to answer the question, "Should Paul Garrity Sr. have known of his requirements to report the Stiftung [a Liechtenstein entity]?" (ECF No. 114-2 at 9.) He opines that "the IRS should not and does not determine—without specific supporting evidence—that a taxpayer should have known of his foreign bank account reporting requirements." (*Id*. at 10.)

**II.    Legal Standards**

Federal Rule of Evidence 702 provides that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," among other requirements. The Court must determine whether the proposed "expert testimony is relevant, i.e., whether it has any

2

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (internal quotation marks omitted). "In addition to the requirements of Rule 702, expert testimony is subject to Rule 403, and 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (quoting Fed. R. Evid. 403).

**III.     Discussion**

The premise of Mr. Epstein's proposed testimony appears to be that the Government will attempt to prove that Mr. Garrity, Sr. "should have known" about his obligation to file an FBAR, i.e., to report his interest in or authority over a foreign financial account, for the 2005 tax year. (*See, e.g.*, ECF No. 122 at 9 (Defendants' argument that "the government is poised—if it fails to establish any improper motive or intent—to contend that . . . if a taxpayer 'should have known' . . . that he had to report the account then he is subject to the willfulness penalty."); ECF No. 114-2 at 3 (Mr. Epstein's statement that "[t]he government asserts that Mr. Garrity should have known of his filing requirements and willfully or recklessly ignored them.").) Whether Mr. Garrity "should have known" of the FBAR requirement is not part of the Government's burden of proof, however, as it does not reflect the standard applicable to this case.

Rather, the key question for the jury will be whether Mr. Garrity, Sr.'s failure to file an FBAR for the 2005 calendar year was willful.[1] As several courts have held, a defendant willfully

---

[1] The jury will also determine whether Mr. Garrity, Sr. had an interest in, or signatory or other authority over, a foreign bank account during the relevant time period. But Mr. Epstein's proposed testimony does not directly address that question, and Defendants have not suggested that they seek to offer his testimony on that question.

violates the FBAR requirement when he "either knowingly or recklessly fails to file an FBAR." *Bedrosian v. U.S. Dep't of Treasury*, No. 15-5853, 2017 WL 4946433, at *3 (E.D. Pa. Sept. 20, 2017). *See also, e.g.*, *United States v. Williams*, 489 Fed. Appx. 655, 658 (4th Cir. 2012); *United States v. Bohanec*, 263 F. Supp. 3d 881, 888-89 (C.D. Cal. 2016); *United States v. McBride*, 908 F. Supp. 2d 1186, 1204 (D. Utah 2012) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007)). Actual knowledge encompasses "willful blindness" to the obvious or known consequences of one's actions. *McBride*, 908 F. Supp. 2d at 1205 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 767 (2011)). The government may prove willful blindness with evidence that Mr. Garrity, Sr. made a "conscious effort to avoid learning about reporting requirements." *Williams*, 489 Fed. Appx. at 659. Evidence of a taxpayer's negligence, however, is insufficient to prove willfulness. *See, e.g.*, *Bedrosian*, 2017 WL 4946433, at *6 (finding that the defendant was not liable for willful failure to file an FBAR because his actions amounted to, at most, negligence).

Mr. Epstein's report does not, and does not purport to, address the subjective standard at issue here. Instead, Mr. Epstein speaks only to an objective standard—whether Mr. Garrity, Sr. "should have known" of the reporting obligation in light of the IRS's public education on the issue at the relevant time. What Mr. Garrity, Sr. should have known—i.e., whether Mr. Garrity, Sr. was negligent in his failure to file an FBAR—is not the issue in this case.

What Mr. Garrity, Sr. actually knew (or consciously chose to avoid learning) is the key issue, and there is no evidence linking that issue with Mr. Epstein's proposed testimony. Defendants point to no evidence in this case that Mr. Garrity, Sr. knew or believed that, for example, there was uncertainty about IRS guidance regarding the reporting of foreign financial accounts or about whether an account held in the name of a Liechtenstein *Stiftung*, such as the

4

Lion Rock Foundation, had to be disclosed to the IRS. Indeed, defense counsel conceded during the pre-trial conference that there is no evidence that Mr. Garrity, Sr. was aware (or that he was unaware) of any IRS guidance and no evidence that he was certain or uncertain about any FBAR reporting obligation. For example, defense counsel acknowledged that there is no evidence that Mr. Garrity, Sr. had conversations about IRS guidance or any lack thereof, or even about the reporting requirement in general, with his accountant. In short, there is no evidence that Mr. Garrity, Sr.'s state of mind was influenced by any lack of IRS guidance.

Because it bears no connection to Mr. Garrity, Sr., evidence about any uncertainty or lack of clarity in the IRS guidance is irrelevant. *See United States v. Ingredient Tech. Corp.*, 698 F.2d 88, 97 (2d Cir. 1983) (holding that the district court properly excluded expert testimony on the lack of clarity in the relevant legal obligations because "there was no evidence that [the defendants] genuinely thought that what they were doing was lawful and proper; on the contrary, their conduct indicated a subjective belief in the *un* lawfulness of the conduct"); *United States v. Curtis*, 782 F.2d 593, 599 (6th Cir. 1986) (holding that the district court properly excluded expert testimony on the unsettled nature of an area of tax law as evidence to negate willfulness). In disagreeing with the approach taken in *United States v. Garber*, 607 F.2d 92 (5th Cir. 1979), the Second Circuit noted in *Ingredient Technology* that "the *Garber* majority's approach permits juries to find that uncertainty in the law negates willfulness whether or not the defendants are actually confused about the extent of their tax liability." *Ingredient Tech.*, 698 F.2d at 97. Instead, the *Ingredient Technology* court sided with "prior cases on willfulness[, which] consistently require factual evidence of the defendants' state of mind to negate willfulness under any theory." *Id*. As the Sixth Circuit held in *Curtis*, "[w]illfulness is personal," and "relates to the defendant's state of mind . . . . Unless there is a connection between the external facts and the defendant's state of mind, the

evidence of the external facts is not relevant." 782 F.2d at 599. *See also United States v. Banki*, No. S1 10 Cr. 08 (JFK), 2010 WL 1875690, at *2 (S.D.N.Y. May 10, 2010) (holding that "if, but only if, there [was] prior evidence in the record to establish a factual link between Defendant's state of mind and [the agency's] under-enforcement policy," would the expert witness's testimony about agency enforcement policy be relevant in aiding the jury in weighing the credibility of the defendant's "alleged lack of knowledge regarding the legality of his conduct"). After specifically inquiring of defense counsel at the pretrial conference, I remain unaware of any evidence in this case suggesting a "factual link" between Mr. Garrity, Sr.'s state of mind and the IRS's published guidance or enforcement policy (or lack thereof) concerning the reporting of foreign financial accounts.

Moreover, to the extent any evidence of general public uncertainty about the reporting of foreign financial accounts is relevant, whatever slight probative value it has is substantially outweighed by the danger of confusing the issues and misleading the jury. The jurors will be instructed that the Government must prove willfulness, but Mr. Epstein's testimony may lead them to conclude—incorrectly—that Mr. Garrity, Sr.'s willfulness depends on the degree to which the IRS enforced, publicized, or explained the reporting obligation—or the degree to which others were aware of it.

Further, to the extent that Mr. Epstein purports to opine on the legal requirements related to filing an FBAR, he will be attempting to "explain[] the tax law," which "is generally within the purview of the court, not expert witnesses." *United States v. Fletcher*, 928 F.2d 495, 503 (2d Cir. 1991). *See also Ingredient Tech.*, 698 F.2d at 97 ("[I]t would be very confusing to a jury to have opposing opinions of law admitted into evidence as involving a factual question for them to decide . . . . Questions of law are for the court."); *Banki*, 2010 WL 1875690, at *3 ("While [the expert]'s

6

opinion that the law as written did not require action by a United States depository institution may be relevant to the Court's charge of law, it can have no bearing on any factual matter before the jury," as "the jury's task is only to determine whether Defendant's alleged conduct violates the law as laid out by the Court."). The Court notes that many of the exhibits Defendants apparently proposed to use with Mr. Epstein consist of rules, regulations, and internal IRS legal opinions, all of which set forth legal matters. The law is for the Court, rather than the jury, to decide.

I find that Mr. Epstein's testimony must be excluded under Rule 702, because it will not assist the jury to understand the evidence or to determine a fact in issue. I also find that the evidence is irrelevant to the question of willfulness and, even if it has some relevance, that it must be excluded under Rule 403, because allowing Mr. Epstein to testify on the proposed subjects would risk jury confusion and invade the province of the Court.

### IV. Conclusion

For the reasons discussed above, the motion to preclude Mr. Epstein's testimony is GRANTED.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
June 1, 2018