UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br> Plaintiff,<br><br>v.<br><br>DIANE M. GARRITY, PAUL G. GARRITY, JR.,<br>and PAUL M. STERCZALA, as fiduciaries of the<br>Estate of Paul G. Garrity, Sr.,<br> Defendants. | No. 3:15-CV-243(MPS) |

**RULING ON OBJECTIONS TO PROPOSED TRIAL EXHIBITS**

Following the pretrial conference, the parties submitted revised lists of proposed exhibits and objections. (*See* ECF Nos. 155 and 156.) I have set forth rulings on these objections below, beginning with a general discussion followed by rulings as to each proposed exhibit.

**I. General Principles and Observations About the Parties' Objections to Exhibits**

*A. Defendants' Objections to Plaintiffs' Proposed Exhibits*

The Defendants object to virtually all of Plaintiff's proposed exhibits on four grounds: authenticity, hearsay, that they are "selective and not complete," and relevance.

*1. Authenticity*

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Rule 901 does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." *United States v. Tin Yat Chin*, 371 F.3d 31, 37 (2d Cir. 2004) (citation and internal quotation marks omitted). Rule 901's requirements are "satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir.

2016) (internal quotations and citation omitted). "Once Rule 901's requirements are satisfied, the evidence's persuasive force is left to the jury." *Tin Yat Chin*, 371 F.3d at 38. (internal quotation marks omitted). Indeed, once the threshold for authenticity is met, "the other party . . . remains free to challenge the reliability of the evidence to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the *weight* of the evidence—not to its *admissibility*." *Id*. (citation omitted) (emphasis in original).

Rule 901 provides a non-exhaustive list of ways to authenticate evidence. For example, a party may use a "comparison with an authenticated specimen by . . . the trier of fact" to establish authenticity. Fed. R. Evid. 901(b)(3). Under this provision, fact-finders may compare signatures among documents to determine authenticity. *See, e.g.*, *Stiles Mach., Inc. v. Lestorti*, No. 3:05 CV 397 (JGM), 2007 WL 2099218, at *7 (D. Conn. July 17, 2007) (noting that the "persuasive force of the signature above [defendant]'s name is a decision that lies with the trier of fact" but that "the trier of fact may authenticate the handwriting by comparing the specimens of his writing which have been authenticated").

"The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances," may also satisfy the authentication requirement. Fed. R. Evid. 901(b)(4). Under this provision, courts have made preliminary determinations of authenticity based on the appearance of records, including foreign records. *See, e.g.*, *McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 928-29 (3d Cir. 1985) (holding that the "contents of the documents tend[ed] to support their claim to authenticity" as plaintiff's "Sea Service Records," as they "appear[ed] to be copies of standard official forms," "each [was] signed and dated by the plaintiff," and each included the plaintiff's personal official identification number); *United States v. Prevezon Holdings, Ltd.*, 319 F.R.D. 459, 463 (S.D.N.Y. 2017) (holding

that arbitration files obtained from unavailable Russian lawyers could be authenticated because they had distinctive characteristics similar to other records that could be authenticated, such as pages of nonpublic information regarding contracts and bank account numbers). "The specificity, regularity, and official appearance of . . . documents increase the likelihood of their being authentic." *McQueeney*, 779 F.2d at 929.

Finally, courts have held that the fact that the records were produced by a party in response to a discovery request, "while not dispositive of the issue of authentication, is surely probative." *McQueeney*, 779 F.2d at 929. *See also Burgess v. Premier Corp.*, 727 F.2d 826, 835-36 (9th Cir. 1984) (holding that "the district court could properly have found that all of the exhibits were adequately authenticated by the fact of being found in [defendant's] warehouse").

In this case, as noted below in the specific rulings, the documents whose authenticity defendants challenge include records bearing the signature and/or initials of Mr. Garrity, Sr., and/or his sons—and those signatures, which appear to be by the same person(s), are also contained in other records to which Defendants do not object. *See, e.g.*, Exs. 25 (signed by Kevin Garrity, and to which Defendants do not object), 61 (will signed by Mr. Garrity and submitted to the Court at ECF No. 115-13), and 99 (promissory notes signed by Mr. Garrity and submitted to the Court at ECF No. 115-11). Other documents include the same bank account number and appear to be records of the same bank as to which Defendants have made judicial admissions in their answer; appear to be records of the same foundation, and bear the same dates, about which Defendants have made judicial admissions in their answer; and provide evidence of the same "shared signature authority" about which defendants have made judicial admissions in their answer. See ECF No. 9 ¶¶ 7, 8, and 21. Further, Plaintiff has represented that all of these documents were produced by Defendants after the documents were obtained from the foundation or "after Defendants' counsel

3

travelled to Liechtenstein and obtained it directly from" the bank that served as the foundation's agent. See ECF No. 155 at 1-2. Defendants have not contested this representation.

   *2. Hearsay*

Defendants have also made hearsay objections to several of the exhibits. The following general principles inform the Court's specific ruling on each of the hearsay objections. Hearsay is defined as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Many of the documents to which Defendants have lodged hearsay objections consist of statements that are offered not to prove their truth but to prove other things, such as whether Paul Garrity, Sr. had an interest in or authority over a foreign financial account or whether he acted willfully in failing to report that account. (Should either party request in writing a limiting instruction as to any such documents indicating that the jury may not consider the statements within the document for their truth but only for some other limited purpose, the Court will give such an instruction.) Further, other documents consist of statements that are directions or requests and thus are not hearsay. *See, e.g., United States v. Kuthuru*, 665 Fed. Appx. 34, 38 (2d Cir. Nov. 3, 2016) ("Questions and commands are ordinarily not hearsay because they are not offered for the truth of the matter asserted . . . .").

   *3. "Selective and Not Complete"*

Defendants have also objected to some of the exhibits on the ground that they "are selective and not complete." To the extent this is an evidentiary objection, it appears to invoke the "rule of completeness" set forth in Rule 106 of the Federal Rules of Evidence, which states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."

> The common-law doctrine of completeness, on which Rule 106 is based, likewise requires that a full document or set of documents be introduced: [W]hen one party has made use of a portion of a document, such that misunderstanding or distortion can be averted only through presentation of another portion, the material required for completeness is *ipso facto* relevant and therefore admissible. We have interpreted Rule 106 to require that a document be admitted when it is essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact. Underlying Rule 106, then, is a principle of fairness requiring the introduction of an entire or related document if necessary for the fair and impartial understanding of the admitted portion or document.

*Phoenix Assocs. III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995) (internal citations and quotation marks omitted).

As Plaintiff points out, however, Defendants fail to elaborate on what they mean by "selective" or "not complete" and, more pointedly, fail to identify what other documents or portions of documents "in fairness ought to be considered at the same time." Defendants were aware that Plaintiff had identified these failures in an earlier version of the lists of exhibits and objections filed on the docket, and have still declined to elaborate on this objection. Accordingly, because the Court cannot sustain an objection the grounds for which are not adequately specified, this objection is **overruled** in its entirety—and no specific ruling will be set forth in the table below—unless the document itself makes it apparent to the Court that it is incomplete. As explained in the table below, however, the Court has admitted certain of Defendants' proposed exhibits based on the rule of completeness.

*4. Relevance*

Defendants do not explain their relevance objections and some of them—for example, objections to tax filings by the Estate acknowledging that Mr. Garrity was the owner of the same foreign entity that is the subject of the Government's allegations—appear to be without an arguable basis in law or fact. In any event, and keeping in mind that "Rule 401 sets a very low standard for relevance," *United States v. Shkreli*, 15-CR-637 (KAM), 2017 WL 3623626, at *2 (E.D.N.Y. June

5

24, 2017) (internal quotation marks omitted), the Court sets forth specific rulings as to Defendants' relevance objections below.

### B. *Plaintiff's Objections to Defendants' Proposed Exhibits*

In the specific rulings below, the Court has sustained several of Plaintiff's objections for reasons explained more fully in its rulings on the motions in limine, familiarity with which is assumed. The Court has also taken into account that the Government is seeking to introduce documents concerning the Liechtenstein entity and account, as well as the distributions from that account, and has overruled some of the Plaintiff's objections on completeness grounds. Other rulings as to specific documents are set forth below.

### II. **The Court's Rulings on Specific Proposed Exhibits**

The following rulings are informed by the principles set forth above and respond to the parties' updated lists of exhibits and objections entered on the docket as ECF Nos. 155 and 156.

| **Rulings on Objections to Proposed Exhibits** ||
|---|---|
| ***Plaintiff's Proposed Exhibits*** ||
| *Exhibit Number* | *Ruling* |
| 2 | OVERRULED – Authenticity: Signature of Mr. Garrity,[1] produced by Defendants, Answer para. 8 (Lion Rock became client of BIL AG in November 1989, consistent with information on this document), Answer para. 21 (Mr. Garrity had an interest in and shared signatory authority over Lion Rock)[2]; Hearsay – not offered for truth, instructions |
| 3 | OVERRULED – Authenticity: Signature and initials of Mr. Garrity, produced by Defendants, Answer paras. 7 & 8 (Lion Rock established in November 1989, consistent with date shown on document; upon Mr. Garrity's death, assets distributed to Kevin, Paul, Jr., and Sean Garrity), Answer para. 21; Hearsay – not offered for truth (and, to the extent it is, constitutes admission by party's predecessor, as Mr. Garrity signed and initialed); ancient documents exception also applies, FRE 803(16) |
| 4 | OVERRULED – Authenticity: Initials of Mr. Garrity, produced by Defendants, Answer para. 7 (Lion Rock established in November 1989, |

---

[1] "Mr. Garrity" in these rulings refers to Paul Garrity, Sr.
[2] The Court will refer to this judicial admission by the defendants, together with the other admissions in paragraph 21 of the Answer, as "Answer para. 21" in the rulings below. The fact that the answer admits only that Mr. Garrity had an interest in and shared signature authority over Lion Rock *in 2005* affects the weight rather than the admissibility of this evidence.

| | |
|---|---|
| | consistent with date shown on document),[3] Answer para. 21; Hearsay – not offered for truth (and, to the extent it is, constitutes admission by party's predecessor, as Mr. Garrity initialed); ancient documents exception also applies, FRE 803(16) |
| 6 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer para. 8 (Lion Rock became client of BIL AG in November 1989, consistent with the information on document)[4], Answer para. 21; Hearsay – not offered for truth (and, to the extent it is, constitutes admission by party's predecessor, as Mr. Garrity signed); ancient documents exception also applies, FRE 803(16) |
| 7 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 7, 8, and 21; Hearsay – not offered for truth; ancient documents exception also applies, FRE 803(16) |
| 8 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 7, 8, and 21; Hearsay – not offered for truth; signed by party's predecessor; ancient documents exception also applies, FRE 803(16) |
| 11 | OVERRULED – Authenticity: signature & initials of Mr. Garrity, produced by Defendants, Answer paras. 7, 8, and 21, Exhibit #3; Hearsay – not offered for truth; signed by party's predecessor; ancient documents exception also applies, FRE 803(16) |
| 14 | OVERRULED – Authenticity: signature & initials of Mr. Garrity, produced by Defendants, Answer paras. 7, 8, and 21, Exhibit #11; Hearsay – not offered for truth; signed by party's predecessor; ancient documents exception also applies, FRE 803(16) |
| 17 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 8 and 21; Hearsay – not offered for truth; signed by party's predecessor |
| 18 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – not offered for truth; signed by party's predecessor |
| 19 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 7, 8, and 21; Hearsay – not offered for truth; signed by party's predecessor; ancient documents exception also applies, FRE 803(16) |
| 20 | OVERRULED – Authenticity: signature & initials of Mr. Garrity, produced by Defendants, Answer paras. 7 & 8 (including reference in document to same account number admitted in answer); Hearsay – not offered for truth; ancient documents exception also applies, FRE 803(16) |
| 21 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 8 (including reference in document to same |

---

[3] The Court will refer to this judicial admission by the defendants as "Answer para. 7" in the rulings below.

[4] The Court will refer to this judicial admission by the defendants, together with the other admissions in paragraph 8 of the Answer, as "Answer para. 8" in the rulings below.

| | |
|---|---|
| | account number admitted in answer) and 21; Hearsay – not offered for truth; ancient documents exception also applies, FRE 803(16) |
| 22 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – not offered for truth; signed by party's predecessor; ancient documents exception also applies, FRE 803(16) |
| 23 | OVERRULED – Authenticity: signatures of Kevin and Sean Garrity; produced by Defendants, Answer para. 8 (including reference in document to same account number admitted in answer); Hearsay – not offered for truth; ancient documents exception also applies, FRE 803(16) |
| 24 | OVERRULED – Authenticity: signatures of Kevin and Sean Garrity; produced by Defendants, Answer para. 8 (reference to BIL), ex. 23; Hearsay – not offered for truth; ancient documents exception also applies, FRE 803(16) |
| 26 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 8 & 21; Hearsay – not offered for truth; signed by party's predecessor |
| 27 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 8 & 21; Hearsay – not offered for truth; signed by party's predecessor |
| 28 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer paras. 8 & 21; Hearsay – not offered for truth; signed by party's predecessor; ancient document rule also applies, FRE 803(16) |
| 29 | OVERRULED – Authenticity: signature and initials of Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – not offered for truth; signed by party's predecessor; ancient document rule also applies, FRE 803(16) |
| 31 | OVERRULED – Authenticity: produced by Defendants, Exhibits 27-29 (invoices correspond to trust agreement and letters of instruction); Hearsay – not offered for truth; signed by party's predecessor; ancient document rule also applies, FRE 803(16) (except as to last page of exhibit) |
| 32 | OVERRULED – Authenticity: produced by Defendants, Answer para. 8 (including account number); Hearsay – not offered for truth; ancient document rule also applies, FRE 803(16) |
| 34 | OVERRULED – Authenticity: signature of Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – signed by party's predecessor (and first sentence is not offered for truth) |
| 35 | OVERRULED – Authenticity: produced by Defendants, Answer para. 21, Exhibit 34; Hearsay – statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 34), FRE 801(d)(2)(D) |
| 36 | OVERRULED – Authenticity: signed by Mr. Garrity, produced by Defendants, Answer paras. 8 (Account No.) & 21, Exhibits 34 & 35; Hearsay – signed by party's predecessor |

| | |
|---|---|
| 37 | OVERRULED – Authenticity: signed by Mr. Garrity & sons, produced by Defendants, Answer para. 21; Hearsay – not offered for truth; signed by party's predecessor |
| 38 | OVERRULED – Authenticity: signed by Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – not offered for truth, signed by party's predecessor, statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency |
| 39 | OVERRULED – Authenticity: signed by Mr. Garrity, produced by Defendants, Answer para. 21; Hearsay – not offered for truth, signed by party's predecessor |
| 40 | OVERRULED – Authenticity: produced by Defendants, Answer para 8 (Account No.); Hearsay – not offered for truth, statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D) |
| 41 | OVERRULED – Authenticity: signed by Mr. Garrity, produced by Defendants, Answer paras. 8 (account no.) and 21; Hearsay – not offered for truth, signed by party's predecessor, statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D); but, to the extent that the attached "Statement of Assets" document is being offered, the Court SUSTAINS the hearsay objection as to the narratives set forth in "general information" and the historical narrative under "Total Securities", inasmuch as it is not clear that reporting that historical information was within the scope of the agency. Plaintiff may offer a redacted version of this document. |
| 42 | OVERRULED – Authenticity: produced by Defendants, Answer para 21; Hearsay – statements that may be offered for truth are by party's predecessor; statements under "declaration of acceptances" are not offered for truth and are made by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D) |
| 45 | OVERRULED – Authenticity: produced by Defendants, Answer paras. 7 (reference to year in which Lion Rock established) and 8 (account number, bank), ex. 41; Hearsay – not offered for truth, statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D); to the extent that the attached "Statement of Assets" document is being offered, the Court SUSTAINS the hearsay objection as to the narratives set forth in "general information" and the historical narrative under "Total Securities", inasmuch as it is not clear that reporting that historical information was within the scope of the agency and that information may be considered for truth. Plaintiff may offer a redacted version of this document. |
| 46 | OVERRULED – Authenticity: produced by Defendants, Answer paras. 7 (reference to year in which Lion Rock established) and 8 (account number, bank); Hearsay – statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, |

| | |
|---|---|
| | and 14), FRE 801(d)(2)(D); to the extent that the attached "Statement of Assets" document is being offered, the Court SUSTAINS the hearsay objection as to the narratives set forth in "general information" and the historical narrative under "Total Securities", inasmuch as it is not clear that reporting that historical information was within the scope of the agency and that information may be considered for truth. Plaintiff may offer a redacted version of this document. |
| 47 | OVERRULED – Authenticity: produced by Defendants, Answers paras. 7 (reference to year in which Lion Rock established) and 8 (account number, bank); Hearsay – statements by agents of Mr. Garrity (party's predecessor) within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D); to the extent that the attached "Statement of Assets" document is being offered, the Court SUSTAINS the hearsay objection as to the narratives set forth in "general information" and the historical narrative under "Total Securities", inasmuch as it is not clear that reporting that historical information was within the scope of the agency and that information may be considered for truth. Plaintiff may offer a redacted version of this document. |
| 48 | OVERRULED – Authenticity: produced by Defendants, Answers paras. 7 (reference to year in which Lion Rock established) and 8 (account number, bank); Hearsay – statements by agents of party within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D); to the extent that the attached "Statement of Assets" document is being offered, the Court SUSTAINS the hearsay objection as to the narratives set forth in "general information" and the historical narrative under "Total Securities", inasmuch as it is not clear that reporting that historical information was within the scope of the agency and that information may be considered for truth. Plaintiff may offer a redacted version of this document. |
| 50 | OVERRULED - Authenticity: produced by Defendants, Answer para. 8 (account number, bank), Ex. 14 (beneficial owners); Hearsay – not offered for truth, statements by agents of party within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D). |
| 51 | OVERRULED - Authenticity: produced by Defendants, Answer para. 8 (bank, account no.), Ex. 14 (beneficial owners); Hearsay – not offered for truth, statements by agents of party within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D). |
| 52 | OVERRULED - Authenticity: produced by Defendants, Answer para. 8 (bank, liquidation after death of Paul Garrity and distribution to sons), Ex. 14 (beneficial owners); Hearsay – not offered for truth (because defendants already judicially admitted that the funds were liquidated and distributed to the sons after Mr. Garrity's death), statements by agents of party within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D). |
| 53 | OVERRULED - Authenticity: produced by Defendants, Answer para. 8 (bank, account number, liquidation after death of Paul Garrity and |

| | |
|---|---|
| | distribution to sons), Ex. 14 (beneficial owners); Hearsay – not offered for truth (because defendants already judicially admitted that the funds were liquidated and distributed to the sons after Mr. Garrity's death), statements by agents of party within the scope of the agency (considering, for example, Exhibits 2, 8, and 14), FRE 801(d)(2)(D). |
| 54 | OVERRULED – same as ruling as to Exhibit 53 |
| 56 | OVERRULED – Relevance: Goes to Mr. Garrity's mental capacity to dispose of his property in the period leading up to his death; Hearsay: not offered for truth, signed by party's predecessor |
| 57 | OVERRULED – Relevance: Goes to Mr. Garrity's mental capacity to dispose of his property in the period leading up to his death |
| 63 | The Court will reserve ruling on this document until the time of trial as its relevance depends on some foundational evidence that Mr. Garrity had some role in reviewing, preparing, signing or authorizing the filing of this document. |
| 64 | The Court will reserve ruling on this document until the time of trial as its relevance depends on some foundational evidence that Mr. Garrity had some role in reviewing, preparing, signing, authorizing or otherwise participating in the filing of FBAR reports on behalf of Garrity Industries in the years in question or in general. |
| 65 | OVERRULED – Relevance: goes to Mr. Garrity's knowledge of FBAR requirement for foreign accounts. |
| 66 | OVERRULED – Relevance: goes to willfulness for the reasons described in the Government's response to Defendants' objection (ECF No. 155 at 25). |
| 67 | OVERRULED – Relevance: Shows the return in Exhibit 66 was delivered to Mr. Garrity and is thus relevant for the same reasons as Exhibit 66. |
| 70 | OVERRULED – This document is obviously relevant, as it shows Mr. Garrity e-filed his 2005 tax return, the very tax year at issue in this case. |
| 74 | OVERRULED – Relevance: The document is relevant for the reasons stated in the Plaintiff's response to the Defendants' objection. See ECF No. 155 at 26. |
| 75 | OVERRULED – Relevance: Defendants have asserted that they intend to contest the issue whether Paul Garrity had a reportable interest or authority in a foreign financial account in 2005. This document is an admission by his estate – a party in this action – that he and/or his estate did have such an interest or authority in 2008. It is therefore relevant, especially because it appears to identify the same account that is the subject of the Plaintiff's allegations concerning 2005. |
| 78 | OVERRULED - Relevance: The document is relevant for the reasons stated in the Plaintiff's response to the Defendants' objection, including because Defendants are contesting that Mr. Garrity had an interest in or authority over a foreign financial account. See ECF No. 155 at 27. |
| 79 | OVERRULED - Relevance: The document is relevant for the reasons stated in the Plaintiff's response to the Defendants' objection, including |

| | |
|---|---|
| | because Defendants are contesting that Mr. Garrity had an interest in or authority over a foreign financial account. See ECF No. 155 at 27-30. |
| 80-94 | OVERRULED – see ruling as to #79 |
| 95 | OVERRULED - Relevance: The document goes to Mr. Garrity's mental capacity and ability to dispose of his property and manage his affairs at the relevant time and thus, ultimately, willfulness. |
| 101-02 | OVERRULED – Relevance: As long as a foundation is laid that Mr. Sterczala in fact prepared these documents, they are relevant to Mr. Garrity's mental capacity and ability to dispose of his property and manage his affairs at the relevant time and thus, ultimately, willfulness. |
| 103 | OVERRULED – Relevance: The document is relevant for the reasons stated in the Plaintiff's response to Defendants' objection. ECF No. 155 at 31. |
| 104 | OVERRULED – Relevance: The document is relevant to Mr. Garrity's mental capacity and ability to dispose of his property and manage his affairs at the relevant time and thus, ultimately, willfulness. |
| | |
| *Defendants' Proposed Exhibits* | |
| *Exhibit Number* | *Ruling* |
| 502 | SUSTAINED in part - Relevance and 403: An expert may rely on information not itself admissible in evidence if other experts in the field would rely on the same type of information. That is, Dr. Fenstermaker may rely on and refer to the records without the entire document – which is extremely large and includes records relating to, among other things, Mr. Garrity's knee – coming in to evidence. If there are relevant portions of the document Defendants wish to introduce into evidence that pertain to the issues in the case – for example, whether Mr. Garrity's health condition shows that he did not act willfully – Defendants may designate those portions, no later than 24 hours before they are introduced into evidence, and introduce only those portions designated as being Exhibit 502A. |
| 507 | SUSTAINED – Hearsay: The document is written by Mr. Garrity and being offered by his estate and describes his background, his business, his sons' roles in the business, and sources of discord between him and his son Kevin concerning the business. Relevance: Some of this background may be relevant (for example, his level of business sophistication may have some relevance to his understanding of tax issues and his role as chairman of Garrity industries may be have some relevance to understanding invoices being offered by the Government) – but other parts, such as his military background and the details to changes to the family's insurance policies, are not relevant. That said, it is possible that the Court will have to revisit some or all of this ruling should it conclude that Kevin must testify and that the jury may draw an adverse inference from any invocation by him of the Fifth Amendment. |
| 508 | SUSTAINED – Hearsay – parts of the document, including that Mr. Garrity refused to speak with his son Kevin about the family business, appear to be offered for the truth of the statements made, although parts do |

| | |
|---|---|
| | not appear to be offered for truth. Relevance: A dispute between Mr. Garrity and his son Kevin about who would have the title and responsibilities of CEO of Garrity Industries is not relevant to the issues in this case and, to the extent it is, its minimal probative value is substantially outweighed by the danger of misleading the jury. As noted with respect to #507, however, it is possible the Court will revisit this ruling if it concludes that Kevin must testify and if he invokes the Fifth Amendment. |
| 509 | SUSTAINED – Hearsay: An expert report is not admissible as it is hearsay and should in any event not be necessary because the expert will testify. |
| 518 | SUSTAINED – Relevance/403: The form indicates that it was revised in January 2012, years after Mr. Garrity died. The arguments raised by Defendants in ECF No. 156 are similar to those raised in support of the testimony of Howard Epstein, and are rejected for reasons similar to those set forth in the Court's ruling excluding Mr. Epstein's testimony, i.e., wrong state-of-mind standard, no evidence connecting published IRS guidance (or lack thereof or changes thereto) to Mr. Garrity, legal conclusions, confusing to the jury, etc. |
| 519 | SUSTAINED – Hearsay/Court's ruling on Epstein testimony |
| 520 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony; this is legal material; also, this document does not appear to address the reporting requirement at issue in this case |
| 527 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony; this is legal material |
| 529 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony |
| 531 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony |
| 532 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony |
| 533 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony |
| 534 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony; also, this is just a web cover page and does not say anything substantive about FBAR reporting requirements |
| 536 | SUSTAINED – Relevance/403/Court's ruling on Epstein testimony (and, especially, no evidence connecting the document to Mr. Garrity) |
| 541 | OVERRULED – Unless the Plaintiff can show that the document was wrongly withheld in response to a discovery request – which it has not done to date – the fact that it was not previously produced is not a basis to exclude it. Relevance: The document appears to have some relevance to Mr. Garrity's role at Garrity Industries, his sophistication about business and tax matters, and, to the extent this becomes relevant at trial (if, for example, Kevin and Sean testify and take the Fifth and the Court gives an adverse inference instruction), the relationships with family members |
| 543 | OVERRULED - Unless the Plaintiff can show that the document was wrongly withheld in response to a discovery request – which it has not done to date – the fact that it was not previously produced is not a basis to exclude it. The document is relevant because it provides some evidence about Mr. Garrity's mental capacities in 2005. |

| 544 | SUSTAINED – Relevance: Defendants fail to explain how the document relates to this case.  With regard to the Eighth Amendment issue, which the parties agree the Court will decide, the Court assumes that the Plaintiff will not object to the Court's taking judicial notice of this document, as well as filings in the related trust case, for purposes of deciding the Eighth Amendment issue.  Although the Defendants suggest in ECF No. 156 that this document also somehow relates to Lion Rock and distributions from Lion Rock, the document makes no mention of Lion Rock or any such distributions and thus Defendants have thus failed to sustain their burden of showing why the document is relevant.  To the extent the document has some relevance, its minimal probative value is outweighed by the dangers of confusing the issues and misleading the jury, as the dollar figures it sets forth do not appear to relate to the FBAR penalties. |
|---|---|
| 549 | SUSTAINED – Hearsay: The former testimony exception for unavailable declarants does not appear to apply because, among other reasons, the statements do not appear to have been "testimony," i.e., there is no indication on the document that Mr. Garrity was under oath and the document itself and defendants' exhibit list refer to the discussion as an "interview." |
| 550 | SUSTAINED – Hearsay: The former testimony exception for unavailable declarants does not appear to apply because, among other reasons, the statements do not appear to have been "testimony," i.e., there is no indication on the document that Mr. Garrity was under oath and the document itself and defendants' exhibit list refer to the discussion as an "interview." |
| 551 | SUSTAINED – Relevance/403: This material is excluded for reasons similar to those for which the Court granted the Government's motion in limine concerning the pre-suit IRS examination.  This is a de novo proceeding at which the Government will have to prove that Mr. Garrity willfully failed to disclose a foreign financial account.  The notes of the Revenue Agent during the IRS's pre-suit investigation (or assessment examination) are simply not relevant and, to the extent they have some minimal probative value, pose a substantial danger of confusing the issues and misleading the jury.  The document also reflects statements by others and thus includes inadmissible hearsay. |
| 563 | SUSTAINED – Relevance/403 – see ruling as to Exhibit 551 – also, this document speaks mainly to the foreign trust issues and does not show, as defendants suggest, that the revenue agent has devised a "false inference" |
| 564 | SUSTAINED – see ruling on Exhibit 563 |
| 572 | SUSTAINED – 403 - The document is in German.  Nonetheless, if the defendants can procure a certified translation and the document is otherwise relevant and admissible, the Court will admit it. |
| 575 | OVERRULED – In the interests of completeness (and because Plaintiff has offered so many documents from the Liechtenstein bank), the Court will admit this document with a limiting instruction (assuming Plaintiff |

| | |
|---|---|
| | requests one) that the statements set forth in the document may not be considered for their truth. |
| 576 | OVERRULED – see ruling on Exhibit 575 |
| 580 | SUSTAINED – 403 – The document is in German. Defendants point out that there are a few English words on the document, but the meaning of those words is difficult to decipher (and thus confusing) absent an understanding of German. |
| 584 | OVERRULED – Although part of the document is in German, enough of it is in English that it may have some probative value. The Court will not admit Defendants' proposed translation of the German text unless it is certified. |
| 585 | SUSTAINED – Hearsay/403: The document contains out-of-court statements that are plainly offered for their truth. Worse, it does not even identify the speaker of the critical statement (on the version presented to the Court, the name of the recipient of the first email and sender of the second is redacted or otherwise not shown), depriving the factfinder of any ability at all to assess the credibility of the statement. |
| 590 | SUSTAINED – see ruling as to Exhibit 551 |
| 596 | OVERRULED in part/SUSTAINED in part – Relevance: The distribution to the sons of Mr. Garrity is described in the complaint and therefore has some relevance (for example, in showing that the distribution occurred as Mr. Garrity contemplated in the original Lion Rock documents, which describe the three sons as "second beneficiaries" upon the death of Mr. Garrity). (See Compl. Para. 8). Hearsay: As for the hearsay objection, many of the statements consist of instructions and requests, which are not hearsay because they are not offered for truth. Nonetheless, some of the statements in Kevin Garrity's 1/26/09 email (e.g., "As you know, you drafted …") are historical and appear to be offered for truth, and the objection is sustained as to those statements and other similar historical statements in the document. Defendants may redact the document and offer it accordingly. |
| 600 | SUSTAINED – Relevance/403 – The photo of Mr. Garrity and his wife is undated and includes no writing or other information to show when it was taken, where it was taken, or the circumstances. The Defendants in their response to the Plaintiff's objection (ECF No. 156) have not suggested that, for example, their medical expert relied on the photo to formulate his opinions or that the photo is otherwise relevant to any issue the jury will be deciding. In short, the Court is unaware of any fact that is of consequence in determining the action and that would be made more or less probable with the photo. For example, there does not appear to be any question or dispute in the case about Mr. Garrity's identity or his appearance. Finally, even if it were dated, the photo by itself would not shed light on Mr. Garrity's mental competence when it was taken – at least in the absence of expert testimony explaining why. |
| 601 | SUSTAINED – see ruling on Exhibit #600. |

| 602 | SUSTAINED – A matter admitted in a Request to Admit is deemed "conclusively established," Fed. R. Civ. P. 36(b), and thus it is not necessary or helpful to present the admissions themselves, which are drafted by lawyers during the pendency of a lawsuit and would thus not otherwise be admissible evidence.  To the extent the Defendants identify to the Court before trial the portions of this document they consider relevant, the Court will consider instructing the jury that any pertinent admissions in such portions are to be treated as conclusively established. |

IT IS SO ORDERED.

_____/s/_____
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
June 4, 2018